IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGETTE SONS, individually, and as the representative of deceased minor TREYH WEBSTER, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. 1:21-cv-00327 |
| JOHN DOES 1-12, in their individual capacities; LAWRENCE BATTISTE, in his capacity as Chief of the Mobile Police Department; and CITY OF MOBILE, | ) ) ) ) ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT

COMES NOW the City of Mobile and Lawrence Battiste (collectively, "the City"),[1] Defendants in the above-styled action, and for answer to the Plaintiff's Complaint assign the following, to-wit:

## INTRODUCTION

The City denies the material allegations of the Introduction to Plaintiff's Complaint and demands strict proof thereof.

---

[1] Plaintiff's Complaint purports to sue Lawrence Battiste in his capacity as Chief of the Mobile Police Department. Such official capacity claims are, as a matter of law, claims against the municipality. *See Lambert v. Herrington*, No. 1:19-00854-KD-B, 2021 U.S. Dist. LEXIS 29778, at *17-18 (S.D. Ala. Jan. 22, 2021) ("The Alabama Supreme Court has recognized that, just as claims against county commissioners in their official capacities constitute claims against the county, state law 'claims that are brought against municipal employees in their official capacity are also, as a matter of law, claims against the municipality.'")(*quoting Morrow v. Caldwell*, 153 So.3d 764, 771 (Ala. 2014)). All of the claims asserted against Battiste in his official capacity are expressly asserted against the City of Mobile and are therefore redundant.

## PARTIES

1. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

2. The allegations of paragraph 2 are not directed towards this Defendant and hence require no response to same. To the extent a response is required, the City denies the remaining material allegations of this paragraph and demands strict proof thereof.

3. Admitted that the City is an Alabama municipal corporation. The balance of the allegations in paragraph 3 are denied.

## JURISDICTION AND VENUE

4. Admitted, that the Complaint as plead includes a federal claim.

5. Admitted, that the Complaint as plead includes a state law claim and a federal claim.

6. Admitted that the City is an Alabama municipal corporation and that the Court has personal jurisdiction over the City.

7. Admitted that venue is proper in the Southern District of Alabama, Southern Division.

## FACTS COMMON TO ALL COUNTS

**a.    The City denies the allegations contained in header "a."**

8. Upon information and belief, admitted.

9. Upon information and belief, admitted.

10. Upon information and belief, admitted.

11. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

12. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

13. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

14. Upon information and belief, admitted.

15. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

16. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

17. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

**b.    The City denies the allegations contained in header "b."**

18. Denied as stated.

19. Denied.

20. Denid.

21. Denied.

22. Denied.

23. Admitted that Thyre "shouted loudly "twelve, twelve!" down the hall." The balance of the allegations of paragraph 23 are denied.

24. Upon information and belief, admitted that all residents in the house knew that the term "twelve" meant "police."

25. Upon information and belief, admitted that Thyre shouted "twelve" to his family in order to alert them to presence of the police. The balance of the allegations of paragraph 25 are denied.

26. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

27. Denied.

28. Denied.

29. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

30. Admitted that a bullet struck Ms. Sons in the foot. The balance of the allegations in paragraph 30 are denied.

31. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

32. Denied.

33. Admitted that bullets struck Treyh Webster. The City denies the remaining allegations of paragraph 33 and demands strict proof thereof.

34. Denied.

35. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Upon information and belief, admitted.

52. Denied.

**c.    The City denies the allegations contained in header "c."**

53. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

54. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

55. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

56. The City is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, such allegations are denied.

57. Denied.

46040769 v1

  **d.**  **The City denies the allegations contained in header "d."**

58. Denied

59. Denied.

<b>COUNT ONE (FEDERAL CLAIM)<br>
<u>42 U.S.C. §1983 – FOURTH AMENDMENT VIOLATION</u></b><br>
<i>(Against Defendants John Does 1-12)</i>

60. The City adopts and incorporates its responses to the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61. The allegations in paragraphs 61 are not asserted against the City and hence require no response to the same. To the extent a response is required to the allegations in paragraphs 61, the City denies the same and demands strict proof thereof.

62. The allegations in paragraphs 62 are not asserted against the City and hence require no response to the same. To the extent a response is required to the allegations in paragraphs 62, the City denies the same and demands strict proof thereof.

63. The allegations in paragraphs 63 are not asserted against the City and hence require no response to the same. To the extent a response is required to the allegations in paragraphs 63, the City denies the same and demands strict proof thereof.

<b>COUNT TWO (FEDERAL CLAIM)<br>
<u>42 U.S.C. §1983 – FOURTH AMENDMENT VIOLATION</u></b><br>
<i>(Against Defendants John Does 1-12)</i>

64. The City adopts and incorporates its responses to the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65. The allegations in paragraphs 65 are not asserted against the City and hence require no response to the same. To the extent a response is required to the allegations in paragraphs 65, the City denies the same and demands strict proof thereof.

46040769 v1

66. The allegations in paragraphs 66 are not asserted against the City and hence require no response to the same. To the extent a response is required to the allegations in paragraphs 66, the City denies the same and demands strict proof thereof.

67. The allegations in paragraphs 67 are not asserted against the City and hence require no response to the same. To the extent a response is required to the allegations in paragraphs 67, the City denies the same and demands strict proof thereof.

**COUNT THREE (STATE CLAIM)**
**ALA. CODE § 6-5-410—WRONGFUL DEATH**
*(Against Defendant John Does 1-12)*

68. The City adopts and incorporates its responses to the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69. The allegations in paragraphs 69 are not asserted against the City and hence require no response to the same. To the extent a response is required to the allegations in paragraphs 69, the City denies the same and demands strict proof thereof.

70. The allegations in paragraphs 70 are not asserted against the City and hence require no response to the same. To the extent a response is required to the allegations in paragraphs 70, the City denies the same and demands strict proof thereof.

71. The allegations in paragraphs 71 are not asserted against the City and hence require no response to the same. To the extent a response is required to the allegations in paragraphs 71, the City denies the same and demands strict proof thereof.

72. The allegations in paragraphs 72 are not asserted against the City and hence require no response to the same. To the extent a response is required to the allegations in paragraphs 72, the City denies the same and demands strict proof thereof.

73. The allegations in paragraphs 73 are not asserted against the City and hence require no response to the same. To the extent a response is required to the allegations in paragraphs 73, the City denies the same and demands strict proof thereof.

74. The allegations in paragraphs 74 are not asserted against the City and hence require no response to the same. To the extent a response is required to the allegations in paragraphs 74, the City denies the same and demands strict proof thereof.

## COUNT FOUR (FEDERAL CLAIM)
## 42 U.S.C. § 1983—SUBSTANTIVE DUE PROCESS
*(Against Defendant City of Mobile)*

75. The City adopts and incorporates its responses to the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76. Paragraph 76 contains an improper statement of law to which no response is required. To the extent a response is required, the City denies the same and demands strict proof thereof.

77. Paragraph 77 contains an improper statement of law to which no response is required. To the extent a response is required, the City denies the same and demands strict proof thereof.

78. Paragraph 78 states a legal conclusion to which no response is required. To the extent a response is required, the City denies the same and demands strict proof thereof.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## AS TO COUNT FIVE (STATE CLAIM)
## **UNSKILLFULNESS OF DEFENDANT OFFICERS**
*(Against City of Mobile)*

83. The City adopts and incorporates its responses to the allegations contained in Paragraphs 1 through 82 as if fully set forth herein.

84. The City admits that it maintains policies on the use of force which speak for themselves. The remaining allegations in Paragraph 84 state legal conclusions to which no response is required. To the extent a response is required, the City denies the same and demands strict proof thereof.

85. The City admits that it maintains policies on the use of force which speak for themselves. The remaining allegations in Paragraph 84 state legal conclusions to which no response is required. To the extent a response is required, the City denies the same and demands strict proof thereof.

86. Denied

87. Denied.

88. Denied.

## **PRAYER FOR RELIEF**

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against the City upon which relief can be granted.

9

**SECOND AFFIRMATIVE DEFENSE**

At all times material to the allegations of the Complaint, the City's law enforcement officers acted with justification, and all of their actions were justified.

**THIRD AFFIRMATIVE DEFENSE**

At all times material to the allegations of the Complaint, the City's law enforcement officers acted reasonably and in good faith.

**FOURTH AFFIRMATIVE DEFENSE**

At all times material to the allegations of the Complaint, the City's law enforcement officers used only such force as was reasonably necessary under the circumstances.

**FIFTH AFFIRMATIVE DEFENSE**

The City asserts the right of its law enforcement officers to use force in self-defense or in defense of others.

**SIXTH AFFIRMATIVE DEFENSE**

The City asserts the right of a peace officer to use deadly physical force to the extent he reasonably believes it necessary in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of deadly physical force and/or force that could cause serious bodily injury.

**SEVENTH AFFIRMATIVE DEFENSE**

The City asserts the right of law enforcement officers to stand their ground in accordance with applicable law.

**EIGHTH AFFIRMATIVE DEFENSE**

The City asserts the protections and benefits of Alabama Code §13A-3-22 (1975).

## NINTH AFFIRMATIVE DEFENSE

The City asserts the protections and benefits of Alabama Code §13A-3-23 (1975).

## TENTH AFFIRMATIVE DEFENSE

The City asserts the protections and benefits of Alabama Code §13-3-24 (1975).

## ELEVENTH AFFIRMATIVE DEFENSE

The City asserts the protections and benefits of Alabama Code §13-3-27 (1975).

## TWELFTH AFFIRMATIVE DEFENSE

The City asserts the defense of provocation.

## THIRTEENTH AFFIRMATIVE DEFENSE

The City asserts that any force used by its law enforcement officers was reasonable and necessary under the circumstances.

## FOURTEENTH AFFIRMATIVE DEFENSE

The City asserts that Plaintiff and Plaintiff's decedent's own actions caused or contributed to the injuries and/or death for which relief is sought; therefore, Plaintiff cannot recover against the City.

## FIFTEENTH AFFIRMATIVE DEFENSE

The City asserts the defense of contributory negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

The City asserts the defense of assumption of the risk.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The City asserts the defense of qualified immunity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The City asserts the defense of state-agent immunity.

46040769 v1

### NINETEENTH AFFIRMATIVE DEFENSE

The City asserts the defense of discretionary-function immunity.

### TWENTIETH AFFIRMATIVE DEFENSE

The City asserts the defense of law-enforcement immunity pursuant to Alabama Code §6-5-338.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The City asserts the defense of substantive immunity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The City asserts the defense of sovereign immunity.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The City asserts the defense of self-defense.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The City asserts the defense of sudden emergency.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The City asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which the City had no duty or ability to control, thereby constituting an independent cause resulting in injury or death to the Plaintiff and/or Plaintiff's decedent.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The City asserts that the sole proximate cause of Plaintiff's decedent's death and Plaintiff's injury are events, conditions, physiology and reactions which could not have been

reasonably anticipated in the exercise of reasonable care applicable to the City, and as such, the City can have no liability whatsoever for the claims asserted in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The City claims the protection of all applicable statutory caps on damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The City claims the benefit of all statutes and the common law conferring immunity or protection to governmental entities or their employees.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing, authority, and/or the requisite legal capacity or legal existence to maintain the present lawsuit and each and every claim and/or cause of action asserted herein.

## THIRTIETH AFFIRMATIVE DEFENSE

Any award of punitive damage in this case against the City would be unconstitutional in that it would violate both state and federal constitutional provisions.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages against the City, without sufficient guidelines as to the proper circumstances for such an award or for the amount of such an award, would violate the due process guarantees of the federal and state constitutions.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against the City violates the Fifth and Fourteenth Amendments of the United States Constitution on the following grounds:

(a)   It is a violation of the due process and equal protection clauses of the Fourteenth Amendment to impose punitive damages, which are penal in nature, against a civil defendant

upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection clauses;

(c)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process clause;

(d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages which thereby violates the due process clause;

(e)  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protections clause;

(f)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct which thereby infringes the due process clause and the equal protection clause;

(g)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague; and,

(h)  The award of punitive damages in this action would constitute a deprivation of property without due process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages violates the due process provisions of the Constitution of Alabama on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

The City asserts that the actions of its law enforcement officers at all times were based on probable cause or arguable probable cause.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

The City asserts the defense of privilege.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

The City asserts that its law enforcement officers owe no duty in their individual capacity.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

The City asserts that Plaintiff's claims are due to be dismissed based on failure to comply with the applicable statute of non-claims.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The City asserts that Plaintiff's claims are barred based on the applicable statutes of limitation.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The City asserts the protections and benefits of Alabama Code §§11-47-190 and 11-93-2 (1975)

## FORTIETH AFFIRMATIVE DEFENSE

The City asserts the defense of unclean hands.

## FORTY-FIRST AFFIRMATIVE DEFENSE

The City asserts that Plaintiff's claims are barred because a party cannot benefit from its own unlawful activity.

## FORTY-SECOND AFFIRMATIVE DEFENSE

The City's claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, ratification, consent, and acquiescence.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The City asserts that its liability can only be based upon the acts or omissions of a City employee meeting the standard set forth in Alabama Code §11-47-190.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The City pleads all other affirmative defenses in bar or abatement of the claims asserted against the City in the Complaint.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint fails for lack of subject matter jurisdiction.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Alabama Code § 6-5-462.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

The City reserves the right to plead additional affirmative defenses as may be ascertained through the course of discovery in this case.

Respectfully submitted,

*s/ L. Robert Shreve*
RICARDO A. WOODS
L. ROBERT SHREVE
TAYLOR B. JOHNSON
Attorneys for Defendant City of Mobile, Alabama

OF COUNSEL:

BURR & FORMAN LLP
Post Office Box 2287
Mobile, Alabama 36652
Telephone:    (251) 344-5151
Facsimile:    (251) 344-9696
Email:        rwoods@burr.com
              rshreve@burr.com
              tjohnson@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy to all counsel of record of the foregoing document by Notice of Electronic Filing, using CM/ECF system which will send notification of such to all counsel of record September 24, 2021.

Mario Williams, Esq.
NDH, LLC.
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303

*s/ L. Robert Shreve*
OF COUNSEL

46040769 v1